UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

         -v.-                                    ORDER

JAMES GLOVER,                           No. 11-CR-629-2 (CS)

                    Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant James Glover's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (ECF No. 499.)

      On January 2, 2013, Defendant was sentenced principally to 204 months' imprisonment on his convictions for narcotics conspiracy and discharge of a firearm in connection with a narcotics conspiracy. (ECF No. 208.) That sentence was below the advisory Sentencing Guidelines range of 228-255 months. He has served approximately 137 months. He argues that his sentence should be reduced because: 1) he was young at the time of the offense; 2) he has lost family members while imprisoned and his grandmother is aging; 3) he has engaged in programming and avoided serious discipline while imprisoned; 4) he served a state sentence for conduct that was relevant conduct to his federal offenses; 5) his discharge of a firearm was unrelated to the drug conspiracy; 6) he did not understand that he could be sentenced to more than ten years for the firearms discharge; and 7) conditions in prison during the COVID-19 pandemic have been difficult.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes

similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).[1]

      Defendant was a teenager at the time of the offenses, and I recognize that the teen brain is not fully developed and terrible decisions can result.  Youth at the time of the offense can contribute to a finding of extraordinary and compelling circumstances, *see Brooker*, 976 F.3d at 238, particularly where the crimes were "split-second" and "hot-headed," *United States v. Ramirez*, 571 F. Supp. 3d 40, 48-49 (S.D.N.Y. 2021).  That was not the case here, as Defendant participated over a period of years in a violent drug gang.  I was aware of Defendant's youth at the time of sentencing and took it into account in imposing a below-Guidelines sentence. *See United States v. Cueto*, No. 11-CR-1032, 2021 WL 621188, at *5 (S.D.N.Y. Feb. 17, 2021).

---

[1]The Court will send Defendant copies of any unpublished decisions cited in this Order.

Separation from family members is one of "the sad and inevitable consequences of incarceration." *United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020). Hardship on the family almost always results from serious criminal conduct, and while "it is truly unfortunate that [Defendant]'s incarceration has placed that burden on his [family] . . . that does not constitute an extraordinary and compelling reason to shorten his otherwise justly deserved sentence." *Id.*; *see United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help. It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors.").

"Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C.A. § 994(t), but I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction. *See United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*). Defendant's participation in programming, for which he has provided certificates, is commendable, but it is not exceptional or even unusual. Similarly, maintaining good conduct in prison[2] is not

---

[2]Defendant provides no disciplinary record but represents that he has not incurred an incident report for fighting or for possession of drugs, alcohol, a weapon, a cellphone or an electronic device. (ECF No. 499 at 2.)

3

uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

In seeking a reduction based on prior state sentences that were relevant conduct to the offenses of conviction, Defendant points to my decisions regarding two of his co-defendants. *See United States v. James Hardy*, No. 11-CR-629-5, ECF No. 493 (S.D.N.Y. Dec.12, 2022); *United States v. Terrell Lucas*, No. 11-CR-629-8, ECF No. 479 (S.D.N.Y. Oct. 5, 2022). In both of those cases, I was unable at sentencing to credit the defendant with time served on state convictions constituting relevant conduct because I was constrained by mandatory minimums. That was not the case here. There was ample room between the sentence I imposed and the mandatory minimum for me to have gone lower had I so chosen. But, as pointed out in my decision on Defendant's motion under 28 U.S.C. § 2255, I was well aware of Defendant's criminal history and "recognition of the time previously served was already built in to the sentence I imposed." (ECF No. 301 at 9.) According to Petitioner, he served a total of four months on the two convictions that counted as relevant conduct.[3] In my § 2255 ruling I characterized the probationary sentence for a shooting as "bizarrely low" and leniency to which Defendant reacted by promptly committing more crimes involving guns. (ECF No. 301 at 8-9.) As I noted, the sentence I imposed was below the Sentencing Guidelines range that would have

---

[3] According to the Pre-Sentence Report ("PSR"), Defendant was sentenced to probation for a February 2009 shooting. (PSR ¶ 45.) Defendant says he served four months and was then released to a shock probation program. (ECF No. 499 at 4.) The other offense that was relevant conduct – menacing in February 2010 – resulted in a sentence of time served. (PSR ¶ 47.) The one year that Defendant served was not for the February 2009 shooting but for a violation of probation. (PSR ¶ 45.)

applied had I credited Defendant for the time served on the state convictions,[4] and I would not have gone lower.  (*Id.* at 9.)  In short, Defendant's situation is not like that of the two co-defendants whose cases he cites, and there is nothing extraordinary or compelling about how his prior state sentences were treated.

Defendant's claim that his discharge of the firearm was not in furtherance of the drug crime is an attempt to attack the validity of the conviction.[5]  It fails in light of his statements at his guilty plea, at which he specifically stated that his discharge of a firearm related to the drug conspiracy in that he discharged a firearm "to protect the organization."  (ECF No. 261 at 51.)  Defendant's claim that he did not understand the possible sentences for the firearms charge is likewise belied by his statements at his plea.  (*Id.* at 27, 39-40.)[6]

---

[4]In so stating in the § 2255 ruling, I treated the sentence for the February 2009 shooting as if it were twelve months rather than four, (ECF No. 301 at 9), but the point holds whether it was four, twelve or sixteen.

[5]"The Second Circuit has held that 'arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors.' *United States v. Amato*, 37 F.4th 58, 62 (2d Cir. 2022)[, *withdrawn and superseded on rehearing*, 48 F.4th 61 (2d Cir. 2022)]. The Second Circuit has not, however, addressed whether such arguments can be considered in assessing whether an 'extraordinary and compelling' reason justifying early release exists." *United States v. Wang*, No. 11-CR-730, 2022 WL 2668252, at *5 (S.D.N.Y. July 11, 2022), *appeal filed*, No. 22-1821 (Aug. 18, 2022).  I will assume for the sake of argument that I can consider Defendant's argument, but I tend to think that it would be barred by the reasoning in *Amato*: "If a defendant contends his conviction by a federal court is invalid, Congress has provided a vehicle to raise such a challenge through a motion pursuant to 28 U.S.C. § 2255, which imposes particular procedural limitations. A defendant cannot evade this collateral review structure by attacking the validity of his conviction through § 3582." *Amato*, 48 F.4th at 65.  Defendant has already filed a § 2255 petition, so he could not file another one without the permission of the Court of Appeals.  *See* 28 U.S.C. § 2255(h).

[6]I noted in my § 2255 ruling that Defendant had made several untrue and even preposterous claims.  (ECF No. 301 at 3-4 & n.3, 10 n.8, 11-12, 12-13.)  That he continues to do so casts serious doubt on his claims of rehabilitation.

Finally, the conditions implemented during the pandemic do not elevate Defendant's situation to the level of extraordinary or compelling. I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

In short, the factors to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling circumstances. Even if they did, the § 3553(a) factors – especially the nature and seriousness of the offenses, the need to protect the public, the need to promote respect for the law and the need for deterrence – would militate against reduction of Defendant's already below-Guidelines sentence..

Accordingly, the motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 499 and to send a copy of this Order to James Hardy, No. 65544-054, FCI Beckley, Federal Correctional Institution, P.O. Box 350, General & Legal Mail, Beaver, WV 25813.

Dated: January 5, 2023
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.